The Court is in receipt of *pro se* Appellant Keith E. Redwood's motion to stay this action for the purposes of mediation and voluntary dismissal. (ECF No. 49.) Therein, Appellant Redwood asserts that "[t]he parties have agreed to participate in mediation" with Debtors-Appellees Purdue Pharma L.P. (the "Debtors-Appellees"). (*Id.* at 2.) The Court directs the Debtors-Appellees to confirm by May 13, 2026, whether they seek to participate in mediation. The Clerk of Court is respectfully directed to (1) mail a copy of this Endorsement to *pro se* Appellant Redwood at the address listed on ECF and to show service on the docket, and (2) terminate the motion at ECF No. 49.

Dated: May 11, 2026
    White Plains, NY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/11/2026_

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

*Title*

# MOTION TO STAY APPEAL FOR PURPOSES OF MEDIATION AND CONDITIONAL VOLUNTARY DISMISSAL

**MEMO ENDORSED**

## Introduction

*COMES NOW the Appellant, [Keith E. Redwood (Jr.)], moves this Honorable Court for an order: (1) staying all appellate proceedings for a period of [14] days to allow the parties to participate in a good-faith mediation; and (2) upon the successful conclusion of mediation and the execution of a comprehensive settlement agreement, for an order of voluntary dismissal of the instant appeal with prejudice.*

## Grounds for Motion

*In support of this Motion, the Appellant avers the following:*

1. *A Notice of Appeal was filed on [12-15-2025], and the appeal is currently pending before this Court.*

2. *The parties will engage in discussions and believe that the issues presented in this appeal may be resolved through alternative dispute resolution, specifically private mediation.*

3. *The parties have agreed to participate in mediation with [Attorney Benjamin S. Kaminetzsky] on or before [to be announced].*

4. *A stay of the current briefing schedule and all other procedural deadlines is necessary to facilitate these settlement negotiations and avoid unnecessary expenditures of time and judicial resources.*

5. *If the mediation is successful and a final settlement agreement is executed by all parties, the Appellant intends to file a stipulation for the immediate dismissal of this appeal with prejudice.*

6. *If the mediation is unsuccessful, the parties will promptly notify the Court, and the case should be reinstated to the appellate calendar, with a new briefing schedule to be issued by the Court.*

## Conclusion

*This motion is made in good faith and not for purposes of undue delay.*

*MOTION TO STAY APPEAL FOR PURPOSES OF MEDIATION AND CONDITIONAL VOLUNTARY DISMISSAL*

---

*COMES NOW the Appellant, [KeithE. Redwood (Jr.] moves this Honorable Court for an order: (1) staying all appellate proceedings for a period of [14] days to allow the parties to participate in a good-faith mediation; and (2) upon the successful conclusion of mediation and the execution of a comprehensive settlement agreement, for an order of voluntary dismissal of the instant appeal with prejudice.*

*In support of this Motion, the Appellant avers the following:*

1. *A Notice of Appeal was filed on [12-15-2025], and the appeal is currently pending before this Court.*

2. *The parties will engage in discussions and believe that the issues presented in this appeal may be resolved through alternative dispute resolution, specifically private mediation.*

3. *The parties have agreed to participate in mediation with [Attorney Benjamin S. Kaminetzsky] on or before [to be announced].*

4. *A stay of the current briefing schedule and all other procedural deadlines is necessary to facilitate these settlement negotiations and avoid unnecessary expenditures of time and judicial resources.*

5. *If the mediation is successful and a final settlement agreement is executed by all parties, the Appellant intends to file a stipulation for the immediate dismissal of this appeal with prejudice.*

6. *If the mediation is unsuccessful, the parties will promptly notify the Court, and the case should be reinstated to the appellate calendar, with a new briefing schedule to be issued by the Court.*

*This motion is made in good faith and not for purposes of undue delay.*

*WHEREFORE, the Appellant respectfully requests that the Court grant this motion, stay the appeal, and provide for its conditional withdrawal pending the outcome of mediation.*

*Respectfully submitted this [2ND] day of [January], [2026].*

*SIGNED: Keith E. Redwood Jr.*

**SETTLEMENT PROPOSAL TO THE DEBTORS AND DEBTORS IN POSSESSION  AS A (cv-10327-NSR Document) CONDITION OF MY APPEAL  WITHDRAWL**

In response to the letter to the Honorable Nelson S. Roman(cv-10327-NSR document 13)regarding the Court's memorandum endorsement (ECF #20)ordering ,inter alia ,briefing schedule for consolidation of appeals , I hereby wish to begin discussions for a Mediated Agreement for Resolution of

Pending Second Circuit Appeal. The pending appeal to the Second Circuit regarding PPLP Confirmation Order specifically challenging the dismissal of my economic damage claim and its relevant Standing based on Findings of Fact /Conclusions of Law and Order Confirming the Eighteenth Amended Chapter 11 Plan of Reorganization . The reference "Briefing on the merits for all the Pending Appeals is herbey STAYED pending resolution of the Debtors-Appeallees consolidation request ". I argue that the core issue of the dismissal of my Economic Damage claim has distinct standing from other objectors. Consequently, strategic negotiations with the debtor have historically been used with States to resolve appeals in order to move the plan forward to avoid Second Circuit review. I respectfully ask the Debtors to negotiate a settlement agreement as a condition of withdrawal of appeal. The content of the ' Order Regarding Briefing Schedule' reasonably infers that the Debtor wishes to negotiate a Settlement Aggreement before a 2nd circuit ruling which could impact the plan. I firmly believe my Economic Damage claim (as allowed in the Disclosure Statement) has been erroneously dismissed by Judge Lane. My Pending Appeal Legal Brief if presented to the Second Circuit WILL imperil the Confirmation Order which I genuinely will regret. Respectfully I asked for consideration of the following Settlement Agreement:

As a the condition of the Appeal Withdrawal I'm seeking a Compensatory Economic Damage award in the amount $20 million as asserted on Proof of Claim Form dated 6/28/2020 per claim#57858.As outlined in the below correspondences from my late wife's Attorney Lawrence Reich to Attorney Arik Preis(as well as below High Rise Financial letter). Due to UCC's Breach of Fiduciary Responsibilities in the treatment of my Economic Damage Claim which is the basis of my appeal claim. The withdrawal of my appeal will therefore be predicated putative restitution in the equivalent amount of the unliquidated claim. Efforts at securing confirmation of this COMBINED Personal and Non-Personal Injury claim has been flagrantly disregarded as evidenced by the derelict incompetence of the UCC. My Appeal Withdrawal Contractual Settlement Agreement with the Debtor shall be based on indemnification as a structured QSF:

Compensatory Economic Damage award structured under the terms of a traditional QSF(Qualified Settlement Fund) indemnified by an Assignment Company ,as a 15 year Period Certain annuity payout. Upon emergence from bankruptcy, the PBC, Knoa contractually would agree to satisfy the claim over a 15 year term payout from the annual income generated and diverted into the opioid trust fund.