USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/04/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

PURDUE PHARMA L.P.

Debtors.

KEITH E. REDWOOD,

Appellant,

-against-

PURDUE PHARMA L.P., *et al.*,

Appellees.

No. 25-cv-10327 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

*Pro se* Appellant Keith E. Redwood has filed a Motion for Judicial Liquidation and Allowance of Claim Pursuant to 11 U.S.C. § 502, dated June 21, 2026. (ECF No. 59.) This Motion seeks, in relevant part, reversal of the Bankruptcy Court's order disallowing Appellant's claim, liquidation of the claim in the amount of $3,285,000, an order directing immediate payment from the Master Disbursement Trust's operating reserves, and related declaratory relief. (*Id.*) Appellant Redwood has also filed a Motion for Summary Judgment, dated July 30, 2026. (ECF No. 63.) For the following reasons, both Motions are DENIED.

This Court sits in an appellate capacity under 28 U.S.C. § 158. In reviewing the Bankruptcy Court's decision, the Court functions as an appellate court, reviewing conclusions of law de novo, findings of fact for clear error, and discretionary rulings for abuse of discretion. *In re Bayshore*

*Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000); *In re Firestar Diamond, Inc.*, 734 F. Supp. 3d 273, 280 (S.D.N.Y. 2024), *appeal dismissed* (July 30, 2024), *appeal dismissed* (Oct. 21, 2024).

With that said, the relief Appellant Redwood seeks exceeds the scope of this Court's appellate review. To the extent Appellant Redwood seeks reversal of the Bankruptcy Court's order, those arguments will be considered, if appropriate, in the ordinary course of this appeal. Indeed, Appellant Redwood has already filed his opening and reply briefs setting forth his arguments on appeal. (ECF Nos. 60–62.) The Motion for Judicial Liquidation and Allowance of Claim Pursuant to 11 U.S.C. § 502, however, seeks affirmative relief beyond the scope of this Court's appellate review, including an order liquidating his disputed claim in a specific amount, directing payment from particular assets established under the confirmed Chapter 11 Plan, exempting his claim from the Plan's distribution scheme, and otherwise imposing the proposed settlement terms set forth in the Motion. (ECF No. 59.) Nor has Appellant Redwood identified any legal authority permitting the Court to grant such extraordinary relief. (*Id.*) The Motion for Summary Judgment is likewise unavailing. This Court is not conducting a trial or resolving factual disputes in the first instance. Rather, it is reviewing the Bankruptcy Court's decision on the appellate record under the applicable standards of review.

Both Motions are therefore DENIED. To the extent Appellant Redwood challenges the Bankruptcy Court's decision, those arguments will be resolved in the ordinary course of this appeal. The Clerk of Court is respectfully directed to (1) terminate the motion at ECF Nos. 59 and 63; and (2) mail a copy of this Order to *pro se* Appellant Redwood at the address listed on ECF, and to note service on the docket.

SO ORDERED:

Dated: August 4, 2026
White Plains, NY

NELSON S. ROMÁN
United States District Judge