USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/11/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

PURDUE PHARMA L.P.

Debtors.

KEITH E. REDWOOD,

Appellant,

-against-

PURDUE PHARMA L.P., *et al.*,

Appellees.

No. 25-cv-10327 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

*Pro se* Appellant Keith E. Redwood ("Appellant") moves for reconsideration of the Court's August 4, 2026 Order, which denied Appellant's Motion for Judicial Liquidation and Allowance of Claim Pursuant to 11 U.S.C. § 502 and Motion for Summary Judgment. (ECF Nos. 64, 67, 70.) In seeking reconsideration, Appellant principally argues that his prior submissions omitted certain legal authorities and material facts that support the relief sought in those motions. (ECF No. 69.) For the following reasons, Appellant's motion for reconsideration is DENIED.

A motion for reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Dimps v. New York State Dep't of Corr. & Cmty. Supervision*, 2025 WL 2237408, at *1 (S.D.N.Y. Aug. 6, 2025). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical*

*Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation and quotation marks omitted). Rather, reconsideration is generally warranted only where the movant identifies "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error or prevent manifest injustice." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 696 (S.D.N.Y. 2011) (citing *Bergerson v. New York State Office of Mental Health, Central New York Psychiatric*, 652 F.3d 277 (2d Cir. 2011)).

Appellant has not met that standard. As the Court explained in the August 4 Order, this Court sits in an appellate capacity pursuant to 28 U.S.C. § 158 and reviews the Bankruptcy Court's decision on the appellate record under the applicable standards of review. (ECF No. 64.) The Court therefore may not, in the context of this bankruptcy appeal, adjudicate Appellant's claim in the first instance, resolve factual disputes concerning that claim, or grant the affirmative relief sought in Appellant's prior motions. For instance, Appellant sought, among other things, liquidation of his disputed claim in a specified amount, payment from assets established under the confirmed Chapter 11 Plan, and enforcement of purported settlement terms. (ECF No. 59.) The additional authorities and factual assertions presented in Appellant's reconsideration motion do not alter the Court's limited appellate role.

Nor does Appellant's *pro se* status provide a basis for reconsideration. The Court is mindful of its obligation to construe a *pro se* litigant's submissions liberally and to interpret them to raise the strongest arguments they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006). But the solicitude afforded to *pro se* litigants does not expand the Court's jurisdiction or permit the Court to exceed the scope of its appellate authority under 28 U.S.C. § 158. Thus, even construing Appellant's submission liberally, the additional arguments and authorities he now presents do not establish that the Court may grant the relief he seeks.

To the extent Appellant's present submission raises arguments concerning the Bankruptcy Court's disposition of his claim, including arguments concerning equitable mootness, the asserted priority or treatment of his claim, or other alleged errors in the Bankruptcy Court proceedings, the Court reiterates that such arguments, to the extent properly before the Court, will be considered in connection with the underlying bankruptcy appeal. Reconsideration of the August 4 Order is neither necessary nor an appropriate vehicle for resolving those issues.

Appellant's motion for reconsideration is therefore DENIED. The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Appellant at the address listed on ECF, and to note service on the docket.

Dated: August 11, 2026
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge